IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HENSON, | ) | CASE NO. 3:17 CV 732 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, William Henson, for disability insurance benefits and supplemental security income. The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental charts[7] and the fact sheet.[8]

---

[1] ECF No. 20. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 8.
[3] ECF No. 9.
[4] ECF No. 4.
[5] ECF No. 10.
[6] ECF No. 14 (Commissioner's brief); ECF No. 12 (Henson's brief); ECF No. 15 (Henson's reply brief).
[7] ECF No. 14, Attachment 1 (Commissioner's charts); ECF No. 13 at 3-8 (Henson's charts).
[8] ECF No. 13 at 1-2 (Henson's fact sheet).

**Facts**

A.  **Background facts and decision of the Administrative Law Judge ("ALJ")**

Henson, who was 53 years old at the time of the administrative hearing,[9] is a high school graduate with one year of college.[10] His past relevant work history includes work as an inventory controller, material handler, and an umpire.[11]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Henson had severe impairments consisting of: left hip osteoarthritis, status post left hip replacement; chronic regional pain syndrome, status post left knee replacement; osteoarthritis of the right foot; left and right shoulder impingement with degenerative changes of the left acromioclavicular joint; mild degenerative disc disease with moderate stenosis and radiculitis; right sided carpal tunnel syndrome; and asthma.[12] The ALJ concluded Henson had the residual functional capacity ("RFC") for light work, as defined in the regulations, with additional limitations.[13] The ALJ decided that this RFC precluded Henson from performing his past relevant work.[14]

---

[9] ECF No. 13 at 1.
[10] *Id.*
[11] ECF No. 9, Transcript ("Tr.") at 22.
[12] *Id.* at 15.
[13] *Id.* at 18.
[14] *Id.* at 22.

Based on testimony by the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Henson could perform.[15] The ALJ, therefore, found Henson not under a disability.[16]

**B.  Issues on judicial review**

Henson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Henson presents the following issue for judicial review:

- Whether the physical residual functional capacity determination is supported by substantial evidence as the ALJ relied on an outdated non-examining physician's opinion, which was the only opinion as to Plaintiff's physical limitations from a medical source in the file. The ALJ should have developed the record further by obtaining an opinion from an examining doctor as to Plaintiff's limitations.[17]

For the reasons set forth below, the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.  Applicable legal principles**

*1.  Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[15] *Id.* at 23.
[16] *Id.* at 24.
[17] ECF No. 12 at 3.

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).
[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**B.     Application of applicable legal principles**

Henson had problems with his left hip that resulted in a total left hip replacement in January 2015.[21] He seems to have made a good recovery from that procedure.[22] His complaint here centers on right shoulder and neck pain.[23] The onset of this pain in April 2015 post-dated the opinions of the state agency reviewing physicians, dated August 2014 and November 2014 respectively.[24] These opinions pre-dated Henson's hip replacement and, more importantly, the problems he experienced with his shoulder and neck.[25] The ALJ's RFC, for the most part, adopted the limitations set forth in the state agency reviewing physicians' reports.[26] The treatment notes of the pain management physician who treated Henson for his neck and back complaints in 2015 contain no limitations caused thereby.[27]

The Sixth Circuit "has consistently affirmed that the claimant bears the burden of producing sufficient evidence to show the existence of a disability."[28] Under the oft-repeated five-step disability evaluation process, the claimant bears the burden of proof at

---

[21] Tr. at 1704.
[22] *Id.* at 1789, 1796-97.
[23] ECF No. 12 at 10-11.
[24] Tr. at 79, 100.
[25] ECF No. 13 at 8.
[26] *Cf.* Tr. at 18, 78-79, 99-100.
[27] *See, e.g.,* 1690-92, 1763-65.
[28] *Watters v. Comm'r of Soc. Sec.*, 530 Fed. App'x 419, 425 (6th Cir. 2013) (citation omitted).

steps one through four.[29] Where, as here, the claimant is represented by counsel, the ALJ does not have a special duty to develop the administrative record.[30]

Under *Deskin v. Commissioner of Social Security*,[31] which Henson cites,[32] the ALJ may not interpret raw medical data in functional terms.[33] But as I emphasized in *Kizys v. Commissioner of Social Security*, "[t]he ALJ retains discretion to impose work-related limitations without a proper source opinion where the medical evidence shows relatively little physical impairment and an ALJ can render a commonsense judgment about functional capacity."[34]

The May 2015 treatment notes contain positive findings but recommend conservative treatment – physical therapy and ibuprofen.[35] The April 2015 CT revealed only mild degenerative changes in the cervical spine.[36] EMG testing in September 2015 ruled out cervical radiculopathy.[37] An MRI in October 2015 revealed mild canal compromise and mild to moderate foramen compromise.[38] The ALJ acknowledged some,

---

[29] *Jirousek v. Comm'r of Soc. Sec.*, 1:12 CV 1829, 2013 WL 4049665, at *10 (N.D. Ohio Aug. 9, 2013) (citation omitted).
[30] *Culp v. Comm'r of Soc. Sec.*, 529 Fed. App'x 750, 751 (6th Cir. 2013) (citation omitted).
[31] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).
[32] ECF No. 12 at 17.
[33] *Deskin*, 605 F. Supp. 2d at 910, 912.
[34] *Kizys v. Comm'r of Soc. Sec.*, No. 3:10 CV 25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011) (citing and quoting *Deskins*, 605 F. Supp. 2d at 912) (internal quotations omitted).
[35] *Id.* at 1690-92.
[36] *Id.* at 1641.
[37] *Id.* at 2189.
[38] *Id.* at 2329.

but not all, of this objective medical evidence in his opinion.[39]  But as the ALJ mentioned, the objective evidence in the record did not support greater limitations.[40]

The ALJ considered the record as a whole to determine that Henson was not disabled, including the medical opinion evidence in the record, Henson's work history, activities of daily living, and subjective statements.[41]  Henson does not take issue with the ALJ's assessment of the evidence in the record – he simply faults her for not developing it further.

"[I]t is incumbent upon the claimant to provide an adequate record upon which the ALJ can make an informed decision regarding the claimant's disability status."[42]  It is true the record contains no medical source opinion as to the limitations caused by the shoulder and neck impairments, which are documented by the treating source notes.  But the fact remains that Henson, bearing the burden of proof and represented by counsel, placed nothing into the record regarding the limitations caused by these impairments.  Henson failed to meet his burden regarding the limitations caused by his shoulder and neck pain.  As such, the ALJ's decision must be affirmed.

---

[39] *Id.* at 20-21.
[40] *See Jirousek*, 2013 WL 4049665, at *12.
[41] Tr. at 22.
[42] *Williams v. Astrue*, No. 1:11-cv-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012) (internal citations omitted).

## Conclusion

Substantial evidence supports the finding of the Commissioner that Henson had no disability. Accordingly, the decision of the Commissioner denying Henson's disability insurance benefits and supplemental security income is affirmed.

Dated: August 31, 2018

s/ William H. Baughman, Jr.
United States Magistrate Judge